IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN VALERIYEVICH ZAKHARENKO, | ) ) ) | Civil Action No. 16 – 183J |
| Petitioner, | ) ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| UNITED STATES BUREAU OF PRISONS, | ) ) | |
| Respondent. | | |

## MEMORANDUM OPINION

Presently before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Ivan Valeriyevich Zakharenko ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the following reasons, the Petition will be dismissed.

**A. Background**

On July 22, 2015, Petitioner was convicted in the United States District Court for the Western District of Michigan after pleading guilty to manufacturing 100 or more marijuana plants (count 1) and with possession with intent to distribute cocaine (count 2). (ECF No. 8-10.) He was sentenced to a term of imprisonment of sixty (60) months at count 1 and thirty (30) months at count 2, to be served concurrently. Id. As part of the Judgment, the court recommended to the Bureau of Prisons, *inter alia*, that Petitioner be evaluated for substance abuse and mental health counseling and provided treatment, if necessary. Id.

On August 26, 2015, while Petitioner was incarcerated at the Metropolitan Detention Center in Brooklyn, New York, the Department of Homeland Security ("DHS") issued an

1

Immigration Detainer against Petitioner specifying that he is an immigration enforcement priority based upon his conviction for an aggravated felony, and finding probable cause that he is a removable alien. (ECF No. 8-11.)

Petitioner subsequently was designated to serve his sentence at the Moshannon Valley Correctional Center ("MVCC") in Philipsburg, Pennsylvania,[1] (ECF No. 8-3), and on September 15, 2015, an Immigration Detainer was lodged against him requesting that U.S. Immigration and Customs Enforcement ("ICE") be notified prior to his release so that DHS can assume custody, (ECF No. 8-12). Petitioner was given a Public Safety Factor ("PSF") Code H for Deportable Alien, (ECF No. 8-5), and thus required to be housed in at least a Low security level institution, (ECF No. 8-6).

On August 9, 2016, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that his Immigration Detainer renders him ineligible for substance abuse and mental health treatment programs while incarcerated, and will preclude him from home detention or release to a half-way house at the appropriate time, all in violation of his constitutional rights to due process and equal protection of the laws.

**B. Discussion**

Because Petitioner's claim challenges the execution of his sentence, rather than the validity of it, he has properly raised it in a § 2241 petition. *See* Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001). Nonetheless, his claims lack merit.

The BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18

---

[1] Petitioner since has been transferred to the Rivers Correctional Institution in Winton, North Carolina. (ECF No. 12.)

U.S.C. § 3621(b). As an incentive for prisoners to successfully complete the program, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner may otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Pursuant to these statutory sections, and in an exercise of the discretion vested in the Director of the BOP, the Bureau has categorically excluded from early release several groups of inmates who would otherwise be eligible under the statute. Prisoners who have ICE detainers filed against them are only one group. *See* 28 C.F.R. § 550.55 (listing inmates not eligible for early release). The Third Circuit Court of Appeals has found "no basis to question the regulation providing for the categorical exclusion of certain inmates [from early release] . . . as a legitimate exercise of the BOP's discretion" including prisoners subject to removal detainers. Adeyeye v. Department of Homeland Sec., 198 F. App'x 196, 197 (3d Cir. 2006) (citing United States v. Lopez-Salas, 266 F.3d 842, 847-48 (8th Cir. 2001)).

Additionally, courts have consistently recognized that the exclusion of prisoners subject to ICE detainers from participating in BOP rehabilitative programs and receiving early release and home detention benefits does not violate the Equal Protection Clause.[2] BOP Regulations providing for such programs and benefits classify prisoners as those who are subject to custodial considerations (including those who have ICE detainers lodged against them) and those who are

---

[2] The Fourteenth Amendment's Equal Protection Clause applies to the federal government through the Fifth Amendment's Due Process Clause. *See* Bolling v. Sharpe, 347 U.S. 497 (1954). "Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." Plyler v. Doe, 457 U.S. 202, 210 (1982). "An equal protection claim arises when an individual contends that he or she is receiving different treatment from that received by other individuals similarly situated." Kuhar v. Greensburg-Salem Sch. Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980)

not, not on the basis of alienage.  *See* McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999).  *See also*, BOP P.S. 7310.04, pp.10-11 (listing inmates not ordinarily eligible for halfway house placement); BOP P.S. 7320.01, p.7 (listing inmates not ordinarily eligible for home confinement).

In reviewing an equal protection challenge to the BOP's classification of prisoners, rational-basis review is appropriate because the classification of prisoners by their eligibility to participate in programs implicates neither a fundamental right nor a suspect class.  Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998).  The Equal Protection Clause requires only that the classification rationally further a legitimate state interest.  *See* Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Applying rational-basis review, excluding prisoners subject to detainers or other custodial considerations from participating in programs involving custody issues, such as early release, is rationally related to the BOP's legitimate interest in preventing such prisoners from fleeing.  *See e.g.*, McLean, 173 F.3d at 1185-86 ("Excluding prisoners with detainers from participating in the community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs."); Gallegos-Hernandez v. U.S., 688 F.3d 190, 195-96 (5th Cir. 2012) (exclusion of prisoners with ICE detainers from rehabilitative programs, or from halfway house placement, did not violate the equal protection clause, since alien prisoners, as an identifiable group, were not treated differently from other similarly situated prisoners who were not aliens).  Cf. Franco v. Bureau of Prisons, 207 F. App'x 145 (3d Cir.2006) (affirming, on rational basis review, District Court's rejection of equal-protection challenge to Bureau's prison transfer policy, which distinguishes between prisoners

who are subject to immigration detainers and other custodial considerations and those who are not). Moreover, the purpose of rehabilitative programs, such as those involving substance abuse and mental health treatment, is to reduce the likelihood of recidivism and drug abuse relapse and to reintegrate into society inmates who are less likely to experience the critical post-release outcomes of new arrests and substance abuse. Since inmates with ICE detainers will be turned over for deportation after their release, limiting the program to those without detainers is a legitimate government interest. Accordingly, Petitioner's ICE detainer, and the program limits it triggers, does not violate the Equal Protection Clause.

Additionally, no due process violation has occurred because Petitioner does not have a liberty interest in the programs and benefits he claims he is being wrongly or unfairly denied. *See e.g.*, Gallegos, 688 F.3d at 195 (finding no liberty interest in drug-rehabilitation and other related programs arising from 18 U.S.C. §§ 3621 and 3624 and therefore no due process violation in denial of these benefits to inmate with ICE detainer).

As such, for the aforementioned reasons, the Petition for Writ of Habeas Corpus will be dismissed. An appropriate Order follows.

Dated: June 13, 2017

_____
Lisa Pupo Lenihan
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN VALERIYEVICH ZAKHARENKO, | ) ) ) | Civil Action No. 16 – 183J |
| Petitioner, | ) ) | |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| UNITED STATES BUREAU OF PRISONS, | ) ) ) | |
| Respondent. | | |

## ORDER

AND NOW, this 13th day of June, 2017, for the reasons set forth in the Memorandum Opinion filed this day,

IT IS ORDERED that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is dismissed.

IT FURTHER IS ORDERED that a Certificate of Appealability is denied.

IT FURTHER IS ORDERED that the Clerk of Court mark this case closed.

AND IT FURTHER IS ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:     Counsel of record
        (Via CM/ECF electronic mail)